PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| OLA TATE, | ) | |
| | ) | CASE NO. 4:11CV02730 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| LORI COOK, | ) | |
| | ) | |
| Defendant. | ) | **MEMORANDUM OF OPINION & ORDER** (Resolving ECF No. 6) |

## I. INTRODUCTION

Before the Court is the motion to dismiss (ECF No. 6) Plaintiff Ola Tate's ("Tate") Complaint filed by substituted Defendant the United States of America's ("United States"). For the reasons discussed below, the Court grants the instant motion.

## II. FACTUAL BACKGROUND and PROCEDURAL HISTORY

This suit is a tort action originally filed in the Court of Common Pleas for Trumball County, Ohio on November 16, 2011. ECF No. 1-1. In the Complaint, Tate claims that Lori Cook "aggressively and forcefully grabb[ed] paperwork out of [Tate's] hands in an unlawful manner so as to constitute assault. ECF No. 1-1 at 2. Tate further claims that "[a]s a result of this reckless negligence [she] continues to suffer fear for her safety in the workplace and the onset of an emotional condition. ECF No. 1-1 at 2. She states that she has experienced "harassment in his [sic] workplace and has suffered physical and psychological injuries as a result of the actions of [Cook]." ECF No. 1-1 at 3.

(4:11cv02730)

On December 16, 2011, the United States removed the case to this Court. ECF No. 1. On that same day, the United States filed a Notice of Substitution informing the Court that the United States would be substituted as Defendant in place of Cook (ECF No. 2) because the claims asserted against Cook fell within the scope of the Federal Tort Claims Act ("FTCA") as Cook was acting within the scope of her federal employment with the United States Air Force at the time of the alleged tortious incidents pled in the Complaint.[1]

On January 27, 2012, the United States moved the Court to dismiss this action pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. ECF No. 6. The motion remains unopposed.

### III.  DISCUSSION

**A.  Motion to Dismiss**

In its motion to dismiss, the United States moves the Court for an order dismissing Tate's complaint for lack of subject matter jurisdiction, pursuant to Fed. R. Civ. P. 12(b)(1) because Tate failed to exhaust her administrative remedies by not filing an administrative claim as required under the FTCA. ECF No. 6.

The FTCA provides:

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or

---

[1] The FTCA requires the removal of those actions commenced in State court, and the substitution of the United States as the party-defendant, upon certification by the Attorney General that the defendant-employee was acting within the scope of his office or employment at the time of the incident.  *See* 28 U.S.C. § 2679(d)(2).

(4:11cv02730)

registered mail.

28 U.S.C. § 2675(a). The Supreme Court has stated that this provision shows "Congress intended to require complete exhaustion of Executive remedies before invocation of the judicial process." *McNeil v. United States*, 508 U.S. 106, 112 (1993). In other words, filing an administrative claim with the government agency under which the alleged tortious conduct occurred is a jurisdictional prerequisite to obtaining judicial review under the FTCA. *See Blakely v. United States*, 276 F.3d 853, 864 (6th Cir. 2002); *Joelson v. United States*, 86 F.3d 1413, 1422 (6th Cir. 1996). Thus, failing to comply with that prerequisite is grounds for dismissing a claim under the FTCA. *See Goosby v. United States*, 545 F. Supp. 2d 725, 733 (W.D. Tenn. 2008) (providing a list of cases that were dismissed because the plaintiff failed to file an administrative claim).

The record before the Court lacks any indication that Tate filed an administrative claim. Tate's Complaint does not allege that she filed an administrative claim, nor has she filed any pleadings asserting that she fulfilled this requirement. Therefore, the Court finds that the asserted actions against substituted Defendant the United States are dismissed for lack of subject matter jurisdiction. *See Madison-Hughes v. Shalala*, 80 F.3d 1121, 1130 (6th Cir. 1996) (indicating that for a jurisdictional challenge under Fed. R. Civ. P 12(b)(1), the plaintiff bears the burden of proving sufficient facts to support subject matter jurisdiction).

## IV. CONCLUSION

For the reasons discussed above, the United State's motion to dismiss (ECF No. 6) is hereby granted, and the claims against the United States are dismissed without prejudice. The

(4:11cv02730)

matter is closed on the docket of the undersigned.

      IT IS SO ORDERED.

| | |
|---|---|
| February 28, 2012 | /s/ Benita Y. Pearson |
| Date | Benita Y. Pearson |
| | United States District Judge |